Raul Pingol MERCADO, Alien Registration Number A 92 954 911, Petitioner—Appellant,

v.

John ASHCROFT, Attorney General, Respondent—Appellee.

No. 03–56546.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2004.*

Decided July 20, 2004.

Raul Pingol Mercado, Petitioner–Appellant Pro Se.

William J. Kopeny, Esq., William J. Kopeny & Associates, Irvine, CA, for Petitioner–Appellant.

Alarice M. Medrano, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, KOZINSKI, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Mercado first argues that he was never legally admitted as a permanent resident in the United States, and he is consequently eligible for relief pursuant to 8 U.S.C. § 1182(h). It is undisputed that Mercado became a lawful permanent resident in 1990, when his status was adjusted under 8 U.S.C. § 1160. These facts establish that he was "admitted" for purposes of § 1182(h). *See* 8 U.S.C. § 1160(a)(2) ("The Attorney General shall adjust the status of any alien provided lawful tempo-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rary resident status ... to that of an alien lawfully *admitted* for permanent residence ....") (emphasis added); *see also In re Rosas–Ramirez,* 22 I & N Dec. 616, 1999 WL 187054 (BIA 1999) (holding that "aliens 'lawfully admitted for permanent residence' through the adjustment process are considered to have accomplished an 'admission,'" and specifically mentioning the statute under which Mercado became a legal resident, 8 U.S.C. § 1160).

Mercado also argues that § 1182(h)'s differentiation between legal and illegal aliens violates equal protection. This argument was squarely rejected in *Taniguchi v. Schultz,* 303 F.3d 950, 957–58 (9th Cir.2002).

**AFFIRMED.**